Dargan, Ch.,
delivered the opinion of the Court.
This is a bill for the partition of a certain portion of the real estate of Samuel McWilliams, among the devisees named in his Will. The will disposes of both real and personal property, but no question arises in this case as to the personalty.
The testator gave to his son, Alex. McWilliams, all his real estate lying west of Cane Creek, to have and to hold forever. He then declares as follows: “ all the rest of my estate, both real and personal, of what nature and quality soever it may be, not herein before particularly disposed of, I desire may be sold and equally divided among my several children,” &c. It was for the partition of the lands embraced under the last quoted clause, that this bill was filed.
The principal question in the case relates to the validity of the will. By some of the parties it is contended that the will is void for the want of the legal attestation, and that the lands described in the bill are to be distributed as intestate property. The facts as to the attestation are these. There were four subscribing witnesses to the will, namely, Joseph Ball, William McGowen, Mary McWilliams and Pleasant Newby. The first. *11 is the' only witness whose competency is not contested. Pleasant Newby affixed his signature to the will, as a subscribing witness, at the distance of two miles from the presence of the testator. His signature is of course a nullity. Mary McWilliams is the daughter of the testator, and one of the devisees and legatees under the will, and William McGowen is the husband of one of the testator’s other daughters, who is also one of the devisees and legatees. If Mary McWilliams and William Mc-Gowen are not incompetent witnesses, the will is valid, and a partition of the land must be ordered under the provisions of the will. The presiding Chancellor decided that the devises and legacies to Mary McWilliams, and the wife of William Mc-Gowen, were void under the Statute of the 25 Geo. 2, ch. 6 ; that they were thus rendered competent as subscribing witnesses, (having no interest under the will,) and that, therefore, the will was valid. He ordered a partition of the lands embraced in the general devise of the will, among all the testator’s children, except Mary McWilliams and Mrs. McGowen, whom he excluded. And this is an appeal from that decree, on the ground “ that the supposed will of Samuel McWilliams is void for want of execu» tion, according to the provisions of the statute in such case made and provided.”
The Statute 25 Geo. 2, ch. 6, has been at various times acknowledged to be of force in South Carolina 'by Legislative enactments, and in judicial opinions and proceedings. For the history, time and manner of these legislative and judicial recognitions, see Taylor vs. Taylor, (1 Rich. 531,) in which the statute of Geo. was authoritatively recognized. See also Workman vs. Dominick, (3 Strob. 589.)
The first enacting clause in the Slat. 25 Geo. 2, is as follows : “ that if any person shall attest the execution of any will or codicil which shall be made after the twenty-fourth day of June, in the year of our Lord one thousand seven hundred and fifty-two, to whom any beneficial devise, legacy, estate, interest, gift or appointment, of or affecting any real or personal estate, other than and except charges on lands, tenements and hereditaments, *12 for payment of any debt or debts, shall be thereby given or made, such devise, legacy, estate, interest, gift, or appointment shall, so far only as concerns such person attesting the execution of such will or codicil, or any person claiming under him, be utterly null and void; and such person shall be admitted as a witness to the execution of such will or codicil, within the intent of said Act, (29 Charles the second,) notwithstanding such devise, legacy, estate, interest, gift or appointment mentioned in such will or codicil,” (2 Stat. 580.)
Under the provisions of this Act, there can be no doubt as to the validity of Samuel McWilliams’s will. The devises and legacies to Mary McWilliams and Mrs. McGowen are void. They are expunged and stricken out of the will. The case is to be considered as if they never had been inserted. The objection as to their incompetency from interest, is thus entirely removed, and there is no other objection against them as subscribing witnesses. All the other parts of the will stand. That alone is void which attempts to give a benefit to a subscribing witness.
There is a point involved in the case, which has- been overlooked in the discussion both in this Court and in the Circuit Court. The decree of the Circuit Court gives the property embraced in the void devises, to be divided among those of the testator’s children whose devises were not void. This is erroneous. The lands embraced in the void devises are intestate property, and must be divided as such. In regard to this,- all the children are equally entitled, as well those whose devises were void, as those whose devises are valid. And the circuit decree must be modified accordingly.
It is ordered and decreed that the lands embraced in the void devises to Mary McWilliams and Mrs. McGowen, be divided among all the children of Samuel McWilliams, as in cases of intestacy. In all other respects the circuit decree is affirmed, and the appeal dismissed.
JohNstoN and Dunkin, CC., concurred.

Decree modified.